**SUPERIOR COURT**
**OF THE**

**RICHARD F. STOKES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE, 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

March 18, 2019

Benjamin R. Willis
SBI # 00343763
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947

> RE: *State of Delaware v. Benjamin R. Willis,*
> Def. ID# 1804019804 (R-1)

DATE SUBMITTED: February 7, 2018

Dear Mr. Willis:

Defendant Benjamin R. Willis ("Defendant") has filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1]  For the reasons stated below the motion is **DENIED**.

Defendant was charged with eight (8) counts of sex offender, unlawful sexual conduct against a child.  Five (5) of those counts were Class B felonies and three (3) were Class C felonies. Defendant, if convicted as charged, faced a sentence of between 10 years of mandatory time and up to 170 years in prison.

On September 17, 2018, Defendant pled guilty to two (2) counts of sex offender unlawful sexual conduct against a child, a class B Felony.  On that date, Defendant was sentenced, on his

---

[1] The applicable version of Rule 61 is that effective on June 4, 2014, as amended by an order of this Court dated March 23, 2017.

first count, to be placed in the custody of the Department of Correction for 25 years at supervision level V, after serving 3 years at level V and upon successful completion of the transitions sex offender program, balance of sentence was suspended for 3 years at supervision level III. Defendant also was sentenced on the second count to 25 years at supervision level V, after serving 2 years at supervision level V, balance of sentence was suspended for 3 years at supervision level III. On December 10, 2018, Defendant filed his first Postconviction Motion. He claims that: (1) his counsel was ineffective because Defense Counsel did not do anything Defendant asked him, never contacted witnesses, and did not subpoena witnesses; (2) his guilty plea was coerced; and (3) the victim in this case has a long criminal history as a minor and is also in prison for robbery.

The first step in evaluating a motion under Rule 61 is to determine whether any of the procedural bars listed in Rule 61(i) render the motion procedurally barred.[2] Defendant's second

---

[2] Super Ct. Crim. R. 61(i) provides:

(i) Bars to Relief. (1) *Time limitation.* A Motion for Postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware.

(2) *Successive motions.* (i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule. (ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) *Procedural default.* Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.

(4) *Former adjudication.* Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a Postconviction proceeding, or in a federal habeas corpus proceeding is thereafter barred.

(5) *Bars inapplicable.* The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

and third claims are procedurally barred by Rule 61(i)(3). This provision states, "any ground for relief that was not asserted in the proceedings leading up to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from the violation of the movant's rights."[3] In order to show cause, Defendant has to allege more than the fact that a claim was not raised earlier in the process.[4] Defendant must show that some "external impediment" prohibited raising the claim.[5] Further, to show prejudice, Defendant must demonstrate that there was a "substantial likelihood" that, had the claim been raised, the outcome of the case would have been different.[6] In essence, Defendant must show that he would not have been convicted had the claim been raised.[7] Defendant must show both cause and prejudice to overcome the procedural default bar.[8] Here, Defendant did not demonstrate either prejudice or cause and his claim of coercion[9] and claim concerning the victim are procedurally barred. Additionally, it is clear from Defendant's plea colloquy that he was not coerced into taking the guilty plea and that he was aware that by agreeing to the plea deal he was giving up valuable trial and appeal rights. He cannot now attempt to surreptitiously make arguments he knowingly gave up.

However, given that this is Defendant's first Postconviction Motion, his claim of ineffective assistance of counsel is not procedurally barred. Defendant asserts that Defense Counsel was ineffective because he failed to interview and subpoena witnesses. To prevail on an ineffective assistance of counsel claim, Defendant must pass the two-prong test laid out by the

---

[3] Rule 61(i)(3).
[4] *State v. Westcott*, 2014 WL 7740466, at *1 (Del. Super. Ct. 2014).
[5] *Id.* (citing *Younger v. State*, 580 A. 2d 552, 556 (Del. 1990)).
[6] *Flamer v. State*, 585 A. 2d 736, 748 (Del. 1990).
[7] *Id.*
[8] *Blackwell v. State*, 736 A. 2d 971, 973 (Del. 1999).
[9] *See Dolby v. State*, 38 A. 3d 1254 (Del. 2012) (holding that Rule 61(i)(3) procedurally barred defendant's claim of coercion for failure to allege cause in the proceedings leading up to conviction).

3

United States Supreme Court in *Strickland v. Washington*.[10] *Somerville v. State* explained the applicable standard in the context of a guilty plea:

> *Strickland* requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial . . . [R]eview is subject to a strong presumption that counsel's conduct was professionally reasonable. The purpose of this presumption is to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within the range of professional reasonableness at the time.[11]

Defendant has failed to meet either prong of the *Strickland* analysis. He has made no showing to prove that Defense Counsel acted below an objective standard of reasonableness when providing assistance at Defendant's plea hearing and sentencing. Also, Defendant cannot show that, but for Defense Counsel's errors, he would have insisted on proceeding to trial. The Court sentenced Defendant consistent with the plea agreement, and Defendant received a benefit from accepting the offer in light of his additional pending felony charges.

Furthermore, the Court shall dismiss entirely conclusory allegations of ineffective assistance of counsel.[12] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and adverse affects actually suffered.[13] Moreover, the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[14] Defendant must assert specific allegations establishing that Defense Counsel acted unreasonably as viewed against "prevailing professional norms."[15]

---

[10] *Strickland v. Washington*, 466 U.S. 668 (1984).
[11] *Somerville v. State*, 703 A. 2d 629, 631 (Del. 1997).
[12] *Younger v. State*, 580 A. 2d 552, 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. 1994).
[13] *Strickland*, 446 U.S. at 692; *Wright v. State*, 671 A. 2d 1353, 1356 (Del. 1996).
[14] *Strickland*, 446 U.S. at 687-88
[15] *Id.* at 688.

A defendant's statements to the Court during a plea colloquy are presumed to be truthful,[16] and pose a "formidable barrier in any subsequent collateral proceedings."[17] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form.[18] A knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea.[19]

The record contains no evidence that Defense Counsel coerced Defendant into pleading guilty or that Defense Counsel acted improperly. Instead the record reflects that Defense Counsel merely informed Defendant of the potential maximum sentencing guidelines, which far outweighed the sentence imposed after the plea agreement.[20] The Court addressed Defendant personally in open court when he entered his guilty plea under oath. Defendant confirmed that the plea was voluntary, and not the result of force.[21] Defendant also acknowledged that his case was discussed with him fully by Defense Counsel, that he was satisfied with Defense Counsel's representation, and that he knew that he was giving up valuable trial and appeal rights.[22] It is clear from Defendant's plea colloquy that he was aware of the rights he was giving up and the consequences of taking the plea. Furthermore, Defendant's allegations of ineffective assistance of counsel are conclusory and lack specific factual support or citation to the record.[23] Accordingly,

---

[16] *Sommerville*, 703 A. 2d at 632 (citing *Bramlett v. A.L. Lockhart*, 876 F. 2d 644, 648 (8th Cir. 1989).

[17] *Id.* (quoting *Voytik v. United States*, 778 F. 2d 1306, 1308 (8th Cir. 1985).

[18] *Colburn v. State*, 2016 WL 5845778, at *2 (Del. 2016) (citing *Somerville*, 703 A. 3d at 632); *Harmon v. State*, 2016 WL 4710006, at *3 (Del. 2016); *Grayson v. State*, 2016 WL 2935027, at *3 (Del. 2016); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. 2016).

[19] *Muldrow v. State*, 2016 WL 4446610, at *2 (Del. 2016); *Hobbs v. State*, 2016 WL 3751838, at *2 (Del. 2016); *Foote v. State*, 2012 WL 562791, at *1 (Del 2012), *Miller v. State*, 840 A. 2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A. 2d 309, 312 (Del. 1988).

[20] Trial Tr. 2:4-21, Sept. 17 2018.

[21] Trial Tr. 6:2-11, Sept. 17 2018.

[22] Trial Tr. 4:12-19, Sept. 17 2018.

[23] *State v. Carter* 2017 WL 2894790 (Del. Super. 2017).

5

the motion fails to overcome the formidable barrier of Defendant's statements during his guilty plea colloquy and on the Truth-in-Sentencing Guilty Plea Form, and fails to set forth a viable claim for ineffective assistance of counsel under the *Strickland* standard.[24]

Considering the foregoing, Defendant's Motion for Postconviction Relief is **DENIED**. Furthermore, Defendant has failed to file a request for appointment of counsel contemporaneously with his first Motion for Postconviction Relief and is deemed to have waived his right to counsel.[25] Therefore, any request by Defendant for appointment of counsel is also **DENIED**.

   **IT IS SO ORDERED**.

Very truly yours,

Richard F. Stokes

---

[24] *Id.*
[25] Super Ct. Crim. R. 61(e)(1).